OPINION *Page 2 
{¶ 1} Appellant Gregory Doyle appeals his conviction, in the Stark County Court of Common Pleas, on one count of burglary. The appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.
 {¶ 2} On November 25, 2005, at approximately 11:00 AM, Keb Snyder arrived at his residence on Kemary Avenue outside Navarre, Ohio, noticing an unrecognized Ford Crown Victoria sedan parked in his driveway. Appellant approached the car to inquire of a woman sitting in the passenger seat, later identified as Mary Doyle, appellant's wife. Ms. Doyle stated to Snyder that she was waiting for her husband, who was at Snyder's front door looking for snow-shoveling work. Snyder did not see anyone at his front door, but noticed that Ms. Doyle was repeatedly sounding the car's horn.
 {¶ 3} Snyder proceeded to the rear of his house. He thereupon saw appellant exiting out the rear of the residence, which was equipped with French-style back doors. Snyder also observed that some of the trim of these doors had been damaged. When Snyder asked what was going on, appellant replied that he hadn't been in the house. Appellant then went back to the Ford in the driveway and got in. Snyder went over and grabbed the car keys out of the ignition, which Ms. Doyle quickly grabbed back. Appellant got the keys from her and started the car, but Snyder again reached in, grabbing the gear shift and throwing the moving car into park, disabling the transmission in the process.
 {¶ 4} Appellant and Ms. Doyle then got out and headed toward some nearby woods, but eventually returned to Snyder's driveway. Soon thereafter, Perry Township police responded and investigated the scene. *Page 3 
 {¶ 5} On December 29, 2005, appellant was indicted on one count of burglary, a felony of the second degree. Appellant pled not guilty, and the matter proceeded to trial on February 6-7, 2006. The jury thereupon returned a verdict of guilty against appellant. On February 8, 2006, following a hearing, appellant was sentenced to seven years in prison, plus an additional two years for violation of post-release control, for a total sentence of nine years.
 {¶ 6} Appellant timely filed a notice of appeal, and herein raises the following sole Assignment of Error:
 {¶ 7} "I. THE JURY VERDICT FINDING APPELLANT GUILTY OF BURGLARY WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE UNITED STATES CONSTITUTION."
 I. {¶ 8} In his sole Assignment of Error, appellant contends his burglary conviction was against the manifest weight of the evidence. We disagree.
 {¶ 9} In considering an appeal concerning the manifest weight of the evidence, our standard is as follows: "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983), 20 Ohio App.3d 172, 175,485 N.E.2d 717. See also, State v. Thompkins (1997), 78 Ohio St.3d 380,678 N.E.2d 541. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175, 485 N.E.2d 717. *Page 4 
 {¶ 10} The statute under which appellant was charged is R.C.2911.12(A)(2), which reads as follows: "No person, by force, stealth, or deception, shall * * * [trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure that is a permanent or temporary habitation of any person when any person other than an accomplice of the offender is present or likely to be present, with purpose to commit in the habitation any criminal offense."
 {¶ 11} Appellant concedes that evidence existed of a break-in in this case. However, appellant points out that he was not directly observed breaking into the Snyder residence, that he carried no criminal tools, that no stolen items were found on his person or in his car, and that he an alibi for being in the area, i.e., looking for snow removal jobs.
 {¶ 12} The record reveals that both Snyder and Sergeant Yarbrough of the Perry Township Police Department testified to the existence of the damaged French door unit at the back of the house. Snyder saw appellant just as appellant was exiting the house, providing circumstantial evidence as to appellant conducting a forerunning break-in. Snyder specifically recalled: "* * * [Appellant] had the [door] handle in his hand and one foot was on — I have a wooden deck also out here (indicating), wooden deck. One foot was on the deck and one foot was coming out of the — like actually on the carpet coming out onto the deck." Tr. at 13.
 {¶ 13} In addition, evidence was adduced that Sergeant Yarbrough observed footprints in the snow around the house which matched appellant's and Snyder's. Tr. at 37-39. Wet footprints were seen inside the house on some of the carpet as well. Tr. at 34. Yarbrough recalled that appellant's snow removal alibi seemed odd because *Page 5 
Snyder's residence had clean and salted sidewalks. Tr. at 33. Snyder had observed inside that his entertainment center and a roll-top desk had been opened; Yarbrough classified the condition as "ransacked." Tr. at 25, 34. Although appellant told Snyder at the scene that he hadn't been inside Snyder's house (Tr. at 14), we note appellant's wife testified at trial that appellant had admitted to breaking into the house to her. Tr. at 73. Finally, it is undisputed appellant attempted to walk way from the scene and into the nearby woods, which the jury may have permissibly interpreted as an attempt to flee. See, e.g., State v.Sines, Stark App. No. 2005CA00181, 2006-Ohio-1956, ¶ 41, citingSibron v. New York (1968), 392 U.S. 40, 66: ("It is well established that flight is admissible as evidence that tends to show consciousness of guilt.")
 {¶ 14} Accordingly, having reviewed the record in the case sub judice, we are unpersuaded by appellant's contention that the jury's verdict led to a manifest miscarriage of justice. As we have often emphasized, the trier of fact, as opposed to this Court, is in a far better position to weigh the credibility of witnesses. State v. DeHass (1967),10 Ohio St.2d 230, 227 N.E.2d 212. The jury's verdict was not against the manifest weight of the evidence. *Page 6 
 {¶ 15} Appellant's sole Assignment of Error is therefore overruled.
 {¶ 16} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.
By: Wise, J.
Gwin, P. J., and
 Farmer, J., concur. *Page 7 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
 Costs to appellant. *Page 1